IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | | |
|---|---|---|
| KISWIRE INC., | ) | |
| | ) | |
| Plaintiff, | ) | Court No. 22-181 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | | |
| KISWIRE INC. AND KISWIRE PINE BLUFF INC. | ) ) | |
| | ) | |
| Plaintiffs, | ) | Court No. 22-285 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO CONSOLIDATE

Pursuant to Rule 42(a) of the Rules of this Court, Kiswire Inc., ("KI"), Plaintiff in *Kiswire Inc. v. United States*, Court No. 22-181 and co-Plaintiff in *Kiswire Inc. et al v. United States*, Court No. 22-285, and Kiswire Pine Bluff Inc. ("KPB"), co-Plaintiff in *Kiswire Inc. et al v. United States*, Court No. 22-285, respectfully request that the Court consolidate *Kiswire Inc. et al v. United States*, Court No. 22-285 into lead case *Kiswire Inc. v. United States*, Court No. 22-181.  Counsel for KI and KPB has consulted with Defendant, United States regarding the above-referenced appeals.  Defendant is unable to consent at this time as it requires additional time to

review the complaint filed in Court No. 22-285, but can revisit its position once its review of that complaint is complete.

USCIT Rule 42(a) provides that, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The rule gives the Court broad discretion to grant or deny consolidation. *Manuli, USA, Inc., v. United States*, 11 CIT 272, 277, 659 F. Supp. 244, 247 (Ct. Int'l Trade 1987). KI and KPB believe consolidation is appropriate for the following reasons:

<u>First</u>, consolidation is appropriate where there are common questions of law or fact, or if it would promote economy of judicial resources. *See United States v. Sweet Little Mexico Corp.*, 35 C.I.T. 353, 355 (Ct. Int'l Trade 2011); *Brother Indus., Ltd., v. United States*, 1 C.I.T. 102, 103 (Ct. Int'l Trade 1980) (granting consolidation where severance "would result in much needless duplication of effort"). Similar facts surround all of the entries that are subject to these two appeals. Through its two appeals, KI and KPB challenge denial of Protest Nos. 150121101162, 200222100800, 200222100801, and 200222100819 by U.S. Customs and Border Protection ("CBP"). All of the entries protested consist of grade 1078 and higher tire cord quality wire rod from South Korea, which was retroactively excluded from the AD orders on wire rod from Korea. KI and KPB paid AD cash deposits of 41.10 percent on all of the entries subject to its protests. For all of the entries subject to this appeal, CBP has refused to refund the AD cash deposits and asserted that the entries deemed liquidated at a date which would make KI's and KPB's protests untimely filed. The cases proposed for consolidation both present the same four counts in their complaints and thus would promote economy of judicial resources if consolidated. The four counts in both complaints can be summarized as follows:

(1) Whether KI's and KPB's entries subject to their protests deemed liquidated on October 8, 2019 or September 24, 2021

(2) Whether KI's and KPB's protests were timely filed within 180 days of deemed liquidation on September 24, 2021

(3) Whether CBP's liquidation of KI's and KPB's entries at the 41.10 percent antidumping rate was lawful when the entries contained goods that had been retroactively excluded from the antidumping duty order on wire rod from Korea and KI and KPB provided the required documentation to prove that the entries contained such material.

(4) Whether CBP's assessment of AD duties on the entries subject to these appeals was arbitrary and capricious where CBP had previously refunded the AD duties on entries of the same material that entered during the same time period and for which KI and KPB had provided the same documentation to demonstrate that the entries qualified for the exclusion from the AD order.

Second, KI and KPB seek judicial review of protest denials arising out of the same agency decision on similar protests with similar facts.  All four protests filed by KI and KPB were denied by CBP.  CBP's position appears to be that KI's and KPB's entries were deemed liquidated on October 8, 2019 and thus KI's and KPB's protests in 2022 were untimely filed.  Consolidation of the two appeals would allow the Court to review the same agency decision being applied to four different protests and would thus conserve judicial resources.

Third, consolidation would avoid "duplication of effort" in the Court, *Brother Indus.*, 1 C.I.T. at 103, as well as the possibility of multiple judgments and remand proceedings arising from similar decisions reached across four separate protests—an inefficient and disfavored result that could produce inconsistent decisions in this Court and potentially at the United States Court of Appeals for the Federal Circuit.  As such, consolidation would conserve the resources of the Court and the parties and "secure the just, speedy, and inexpensive determination" of this litigation.  USCIT R. 1.

Finally, consolidation would not complicate the litigation or delay a timely decision by this Court of the claims raised by the parties in these appeals.  In fact, consolidation would eliminate the need for conducting duplicative depositions and interrogatories.

Counsel to KI and KPB have discussed this motion with counsel for Defendant, United States.  Specifically, on October 14, 2022, Hardeep Josan, Counsel to Defendant United States, indicated that Defendant does not consent to consolidation at this time and intends to file a response to the motion.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court consolidate *Kiswire Inc. and Kiswire Pine Bluff Inc. v. United States*, Court No. 22-285 into lead case *Kiswire Inc. v. United States*, Court No. 22-181.

Respectfully submitted,

/s/ R. Will Planert
R. Will Planert
Donald B. Cameron
Julie C. Mendoza
Brady W. Mills
Mary S. Hodgins
Eugene Degnan
Edward J. Thomas III
Nicholas C. Duffey
Jordan L. Fleischer

**MORRIS, MANNING & MARTIN LLP**
1401 Eye Street NW, Suite 600
Washington, D.C. 20005
(202) 216-4819

*Counsel to Plaintiffs Kiswire Inc. and Kiswire Pine Bluff Inc.*

Dated:  October 14, 2022

## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

|  |  |
|---|---|
| KISWIRE INC.,<br><br>   Plaintiff,<br><br> v.<br><br>UNITED STATES,<br><br>   Defendant. | Court No. 22-181 |
| KISWIRE INC. AND<br>KISWIRE PINE BLUFF INC.<br><br>   Plaintiffs,<br><br> v.<br><br>UNITED STATES,<br><br>   Defendant. | Court No. 22-285 |

## **ORDER**

Upon consideration of Kiswire Inc.'s and Kiswire Pine Bluff Inc.'s Motion to Consolidate the above-captioned cases, and all other pertinent papers, it is hereby:

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that *Kiswire Inc. et al v. United States*, Court No. 22-285 is consolidated into lead case *Kiswire Inc. v. United States*, Court No. 22-181.

  **SO ORDERED.**

                     Jennifer Choe-Groves, Judge

Dated: _____, 2022
   New York, NY

1